**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Ybarra, | No. CV-12-1472-PHX-SLG (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Devon McLaws and David Dunn, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint, doc. 10, and Plaintiff's Motion to File, doc. 12.

**I. Background**

On July 9, 2012, Plaintiff, *pro se*, filed a Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1) On July 18, 2012, Plaintiff filed a First Amended Complaint. (Doc. 5) Plaintiff asserted two claims for relief arising out of the same factual allegations, namely, an Eighth Amendment violation and a claim for mental distress. (*Id.*). On August 24, 2012, the Court statutorily screened Plaintiff's First Amended Complaint, pursuant to 28 U.S.C. § 1915(A)(a). (Doc. 7) The Court ordered that Defendants McLaws and Dunn answer Count I of the First Amended Complaint, but the Court dismissed the remaining claims and defendants without prejudice. (*Id.*) Plaintiff filed the pending Motion for Leave to Amend the Complaint, doc. 10, on August 31, 2012 and the Motion to File, doc. 12, on September 11, 2012. Service on either Defendant has not been completed.

## II. Motion for Leave to Amend

Plaintiff has previously amended his Complaint and therefore he needs leave to further amend his Complaint. Fed. R. Civ. P. 15(a)(2). Federal Rule of Civil Procedure 15(a)(2) further provides that leave to amend should be freely given "when justice so requires." This, however, does not relieve Plaintiff from his responsibility to additionally comply with the Local Rules of Civil Procedure ("LRCiv") 15.1. Local Rule 15.1 provides, in relevant part, that:

> A party who moves for leave to amend a pleading . . . must attach a copy of the proposed amended pleading as an exhibit to the motion. . . which must indicate in what respect if differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added. The proposed amended pleading is not to incorporate by reference any part of the preceding pleading, including exhibits.

LRCiv 15.1(a).

Plaintiff's Motion for Leave to Amend with the attached Second Amended Complaint, doc. 10, does not comply with Local Rule 15.1 The proposed pleading itself does indicate how it differs from the First Amended Complaint which hinders the Court's ability to compare the original and proposed amended complaint. (Doc. 10, attachment) The Complaint is barely legible in parts and the manner in which Plaintiff presents his proposed amendments makes it difficult to compare the original and amended complaint. In view of Plaintiff's failure to comply with Local Rule 15.1(a), the Court will deny his motion for leave to amend. If Plaintiff seeks to amend his complaint, he must submit a "proposed amended pleading as an exhibit to the motion . . . which must indicate in what respect if differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." LRCiv 15.1(a). It is not sufficient to identify the added or deleted text in a supporting motion, rather the changes must be indicated on the proposed amended pleading itself.

## II. Motion to File

Plaintiff filed a document entitled "Motion to File" on September 11, 2012. (Doc. 12) The Court has reviewed Plaintiff's motion and it appears that Plaintiff is attempting to

1  submit evidence before the Court that supports his claim.  The First Amended Complaint has
2  not yet been served and, as set forth above, the Court has denied Plaintiff's Motion for Leave
3  to Amend.  Plaintiff's attempt to submit evidence at this point is premature.  Therefore, the
4  Court will deny Plaintiff's Motion to File without prejudice.

5  **IT IS ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint is
6  **DENIED** without prejudice.

7  **IT IS FURTHER ORDERED** that Plaintiff's Motion to File is **DENIED**.

8  Dated this 13th day of September, 2012.

Lawrence O. Anderson
United States Magistrate Judge